1

2

3

4

5                            UNITED STATES DISTRICT COURT

6                            NORTHERN DISTRICT OF CALIFORNIA

7

8    EMC CORPORATION,                              No. C-12-2841 EMC

9                Plaintiff,

10         v.                                      ORDER STAYING ACTION AND
                                                   DECLINING TO RULE ON (1)
11   BRIGHT RESPONSE, LLC,                         DEFENDANT'S MOTION TO DISMISS
                                                   OR TRANSFER IN FAVOR OF FIRST-
12               Defendant.                        FILED ACTION, (2) DEFENDANT'S
     _____/             MOTION TO DISMISS FOR LACK OF
13                                                 PERSONAL JURISDICTION, AND (3)
                                                   PLAINTIFF'S MOTION FOR
14                                                 JURISDICTIONAL DISCOVERY

15                                                 (Docket Nos. 23, 25, 30)

16                          I.    INTRODUCTION

17         On June 4, 2012, Plaintiff EMC Corporation filed suit against Bright Response, LLC for

18   declaratory judgment of patent non-infringement and/or invalidity.  Docket No. 1.  Prior to filing

19   this declaratory judgment action, Defendant Bright Response had filed suit for infringement of the

20   same patent against EMC in the Eastern District of Texas on May 8, 2012.  Compl. ¶ 5.  Pending

21   before the Court are three motions:  Defendant's Motion to Dismiss for Lack of Personal

22   Jurisdiction, based on its purported lack of minimum contacts in California; Defendant's Motion to

23   Dismiss or Transfer in Favor of First-Filed Action, based on Defendant's infringement action filed

24   in Texas weeks before Plaintiff filed this declaratory judgment action; and Plaintiff's motion for

25   jurisdictional discovery.  EMC has also filed a motion to transfer in the Eastern District of Texas

26   case, which has been fully briefed and is awaiting a ruling from the Texas court.

27         "Because the court finds that the first to file rule is dispositive and that the motion to dismiss

28   presents a much closer call, the court addresses only" the first-to-file rule.  *Juniper Networks, Inc. v.*

1  *Mosaid Technologies Inc*., C 11-6264 PJH, 2012 WL 1029572 (N.D. Cal. Mar. 26, 2012).  Pursuant

2  to Civil Local Rule 7–1(b), the Court determines that the matters are appropriate for resolution

3  without oral argument, and **VACATES** the hearing.  Having considered the parties' submissions,

4  and for the reasons set forth below, the Court hereby **STAYS** this action under the first-to-file rule to

5  allow the Texas court to rule on EMC's pending motion to transfer.

## II.   DISCUSSION

7  A.    Motion to Dismiss or Transfer in Favor of First-Filed Action

8          The "first-to-file" rule is a "generally recognized doctrine of federal comity which permits a

9  district court to decline jurisdiction over an action when a complaint involving the same parties and

10  issues has already been file in another district."  *Pacesetter Systems, Inc. v. Medtronic Inc.,* 678 F.2d

11  93, 94–95 (9th Cir. 1982).  Thus, "[w]hen two actions involving nearly identical parties and closely

12  related patent infringement questions are filed in separate districts, which happens with some

13  frequency in contemporary litigation, the general rule is that the case first filed takes priority, and

14  the subsequently filed suit should be dismissed or transferred or stayed."  14D Wright, A. Miller &

15  M. Kane, Fed. Prac. & Proc. Juris. § 3823 (3d ed. 2011).  In patent litigation, "[t]he first-filed action

16  is preferred, even if it is declaratory, 'unless considerations of judicial and litigant economy, and the

17  just and effective disposition of disputes, require otherwise.'"  *Serco Services Co., L.P. v. Kelley*

18  *Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) (quoting *Genentech*, 998 F.2d 931, 937 (Fed. Cir.

19  1993), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)).

20          Three factors should be considered in deciding whether to apply the first-to-file rule: (1) the

21  chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues.

22  *Alltrade, Inc. v. Uniweld Prod., Inc*., 946 F.2d 622, 625-626 (9th Cir.1991). The issues and parties in

23  the first and second action need not be identical, but "substantially similar." *Inherent v. Martindale-*

24  *Hubbell,* 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (quoting *Dumas v. Major League Baseball*

25  *Properties Inc.,* 52 F. Supp. 2d. 1183 (S.D. Cal. 1999), *vacated on other grounds by,* 104 F. Supp.

26  2d 1224 (S.D. Cal. June 21, 2000) *aff'd,* 300 F. 3d. 1083 (9th Cir. 2002)).

27  ///

28  ///

United States District Court

For the Northern District of California

1.      <u>Application</u>

In this case, all three factors weigh in favor of applying the 'first-to-file' rule.  The first factor requires that one action be filed prior to the other.  *See e.g. Guthy-Renker Fitness, L.L.C. v. Icon Health &Fitness Inc.,* 179 F.R.D. 264, 270 (C.D. Cal. 1998) (explaining that where the first action was filed approximately three months before the second, the chronology factor was satisfied). This factor is satisfied in the instant case because EMC filed this action 27 days after the Texas action.  *See Am. Newland Communities, L.P. v. Axis Specialty Ins. Co.*, 11CV1217 JLS WMC, 2011 WL 5359335 (S.D. Cal. Nov. 7, 2011) ("The fact that Defendant's action was filed just three days, or one business day, prior to the Insureds' action does not defeat the Court's finding that chronologically, Defendant's action was filed first.") (internal citations omitted).[1]

The second and third factors more clearly weigh in favor of applying the rule.  The parties are identical in the two actions.  *See Bright Response, LLC v. EMC Corp.*, No. 12-cv-00279-JRG (E.D. Tex.); *see also Microchip Technology, Inc., v. United Module Corp.*, 2011 WL 2669627, at *3 (N.D. Cal. July 7, 2011) (parties in both actions are "substantially similar" even where there are a number of plaintiff-defendant configurations that are not identical across the two actions).  The issues are also identical, as the Texas action concerns infringement of the same patent for which EMC seeks declaratory judgment of non-infringement here.  *See Guthy-Renker Fitness*, 179 F.R.D. at 270 (concluding that the similarity of the issues requirement was met where the first action sought declaratory judgment of five patents and damages for tortious interference while the second action was for patent infringement of only *one* of the five patents).  EMC concedes as much, as it argues only that exceptions to the rule should apply.

---

[1]  The Court notes that courts have sometimes declined to apply the rule where the time between the actions is relatively short. *See Z–Line Designs, Inc., v. Bell'O Intern LLC,* 218 F.R.D. 663, 665 (N.D. Cal. 2003) (concluding that where the initial action was filed only two days before the second, the importance of the earlier filing date was diminished); *see also Recoton Corp. v. Allsop, Inc.,* 999 F. Supp. 574, 577 (S.D.N.Y.1998) (refusing to apply first to file rule where two days separated two actions); *Riviera Trading Corp. v. Oakley, Inc.*, 944 F. Supp. 1150, 1159 (S.D.N.Y. 1996) (not applied when four days separated filings); *Capitol Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350, 1355 (S.D.N.Y. 1992) (declining to apply rule given 20-day gap between filings where other exceptions, such as forum shopping and judicial economy, weighed against first-filed action) (internal citations and quotation marks omitted).  Thus, while Bright Response has satisfied the first factor, the temporal proximity between the two cases may weigh against applying it if other equitable considerations are present, as discussed below.

1    Accordingly, the Court concludes that the first-to-file rule applies in this case.  However, the

2    question remains whether an exception to the rule applies such that the Court should exercise its

3    discretion and decline to follow the rule.

4         2.    Exceptions to the Rule

5    As noted above, the first-to-file rule "is not a rigid or inflexible rule to be mechanically

6    applied." *Pacesetter*, 678 F.2d at 95.  "The most basic aspect of the first-to-file rule is that it is

7    discretionary; 'an ample degree of discretion, appropriate for disciplined and experienced judges,

8    must be left to the lower courts.'" *Alltrade*, 946 F.2d at 628 (quoting *Kerotest Mfg. Co. v. C-O-Two*

9    *Fire Equipment Co.*, 342 U.S. 180, 183-84 (1952)); *see also Pacesetter Systems, Inc. v. Medtronic,*

10    *Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).  As the Ninth Circuit noted in *Church of Scientology*, "'[t]he

11    first-to-file rule' normally serves the purpose of promoting efficiency well and should not be

12    disregarded lightly. Circumstances and modern judicial reality, however, may demand that we

13    follow a different approach from time to time." 611 F.2d 738, 750 (1979) (internal citation omitted).

14    Thus, "the trial court's discretion tempers the preference for the first-filed suit, when such

15    preference should yield to the forum in which all interests are best served." *Genentech*, 998 F.2d at

16    938 (citing *Kerotest*, 342 U.S. at 184).

17    A court's decision to depart from this general rule must present a "sound reason that would

18    make it unjust or inefficient to continue the first-filed action." *Id*.  "The circumstances under which

19    an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and

20    forum shopping." *See e.g., Alltrade,* 946 F.2d at 628; *see also Alibaba.com v. Litecubes, Inc.,* No. C

21    03–5574 MHP, 2004 WL 443712, at *2 n.3, 2004 U.S. Dist. LEXIS 3492, at *5 n. 3 (N.D. Cal. Mar.

22    8, 2004) (stating that the first-to-file rule may be relaxed if the first-filed suit is "plainly

23    anticipatory" or the party has engaged in "transparent forum shopping").  Other circumstances may

24    also warrant a rejection of the first-to-file rule, such as factors involving convenience to the parties

25    or sound judicial administration. *See, e.g.,  Z-Line Designs, Inc. v. Bell'O Internat'l, LLC*, 218

26    F.R.D. 663, 665 (N.D. Cal. 2003) (noting that court may refuse to apply first-to-file rule if balance

27    of convenience weighs in favor of later-filed action).

28

United States District Court

For the Northern District of California

In the instant case, EMC raises two exceptions to the first-to-file rule.  First, it argues that the convenience factors weigh against applying the rule, because those factors strongly favor litigating the case in this District.  Second, EMC argues that Bright Response has engaged in forum shopping, and that therefore the Court should disregard its first-filed action.

a.    Convenience Factors - 28 U.S.C. § 1404

EMC argues that the first-to-file rule should not apply in the instant case because the convenience factors under 28 U.S.C. § 1404 weigh in favor of litigating the parties' dispute in California.  Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Section 1404 can provide a basis for rejecting the first-to-file rule. *See, e.g.*, *Micron Tech., Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008) ("the convenience factors under 28 U.S.C. § 1404(a)" can override the first-filed action);  *Z-Line Designs*, 218 F.R.D. at 665 (noting that court may refuse to apply first-to-file rule if balance of convenience weighs in favor of later-filed action).

However, despite the relevance of § 1404 to application of the first-to-file rule, it is typically the first-filed court that should make this determination in the first instance.  *See Juniper Networks*, 2012 WL 1029572 at *2 ("[I]t is the court with the first-filed action that should normally weigh the balance of convenience and any other factors that might create an exception to the first-to-file rule.") (citing *Alltrade, Inc.*, 946 F.2d at 628).[2]  Thus, "[i]nsofar as [EMC] contends that the balance of convenience factors weighs in favor of departing from the application of the first-to-file rule, the court finds that this determination should be made by the [Texas] court, as the court in which the first action was filed."  *Id.*  Indeed, such a motion is already fully briefed and pending before the

---

[2]  "Federal Circuit law controls the first-to-file rule in patent cases such as this, where an action for infringement and a declaratory judgment action for non-infringement are pending in different districts."  *Mechoshade Sys., Inc. v. Draper, Inc.*, CV-10-02470-PHX-NVW, 2011 WL 1576092, at *3 (D. Ariz. Apr. 27, 2011) (citing *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345-46 (Fed. Cir. 2005); *Lab. Corp. of Am. v. Chiron Corp.*, 384 F.3d 1326, 1331 (Fed. Cir. 2004)).  However, "[t]he Federal Circuit in *Micron* specifically directed the district courts to examine the factors normally considered when faced with a motion to transfer under 28 U.S.C. § 1404(a).  This calls for a *renvoi*-like return to regional circuit law because the Federal Circuit derives factors to consider under § 1404(a) from the law of the regional circuit."  *Id.* (citing *Micron*, 518 F.3d at 904-05)  (emphasis in original) (additional citations omitted).

**United States District Court**
For the Northern District of California

1   Texas court; for this Court to issue a ruling would risk inconsistent results, exactly the outcome to be

2   avoided by the rule in the first place.  *See Microchip Tech.*, 2011 WL 2669627 at *7 ("The Ninth

3   Circuit has held that normally, this convenience argument should be addressed to the court in the

4   first-filed action, not the court in the later-filed action.") (quoting *Meru Networks, Inc. v. Extricom*

5   *Ltd.*, C-10-02021 RMW, 2010 WL 3464315, at *2 (N.D. Cal. Aug. 31, 2010); citing *Alltrade*, 946

6   F.3d at 628); *Genentech, Inc. v. GlaxoSmithKline LLC*, 5:10-CV-04255-JF, 2010 WL 4923954

7   (N.D. Cal. Dec. 1, 2010) ("Under the procedural law of the Ninth Circuit, 'normally [this issue]

8   should be addressed to the court in the first-filed action"); *id.* (stating rule also applies under Federal

9   Circuit law); *id.* (after the Federal Circuit's decision in *Micron*, the court in the first-filed action is

10  the proper forum to weigh the 1404 transfer factors); *Isle Capital Corp. v. Koch Carbon, Inc.*,

11  06-00525MMC, 2006 WL 823186 (N.D. Cal. Mar. 28, 2006) ("Arguments concerning the

12  convenience of witnesses and the parties are properly addressed, in the first instance, to the court in

13  the first-filed action.") (citing *Pacesetter*, 678 F.2d at 96); *Citigroup Inc. v. City Holding Co.*, 97 F.

14  Supp. 2d 549, 568 (S.D.N.Y. 2000) ("[I]t is the court in which the first-filed action was brought that

15  should decide whether an exception to the first-filed rule applies.") (collecting cases); *see also*

16  *Acceleron, LLC v. Egenera, Inc.*, 634 F. Supp. 2d 758, 763 (E.D. Tex. 2009) ("[T]he Fifth Circuit

17  adheres to the general rule, that the court in which an action is first filed is the appropriate court to

18  determine whether subsequently filed cases involving substantially similar issues should proceed.")

19  (quoting *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 948 (5th Cir.1997)).

20          In sum, as another court in this District has explained,

21          just as [t]he administration of justice would be chaotic indeed if one
            district court could order another [pursuant to § 1404(a) ] to divest
22          itself of jurisdiction and to transfer a case properly before it, the same
            risk is present where the court in a second-filed action considers the
23          convenience factors in connection with a motion to dismiss pursuant to
            the first-to-file rule. Particularly in the absence of any contrary
24          authority, *Alltrade* is persuasive, and the court with jurisdiction over
            the first-filed action should weigh the convenience factors in the first
25          instance.

26  *Genentech*, 2010 WL 4923954 at *4 (internal citations and quotation marks omitted).  Accordingly,

27  the Court declines to rule on EMC's argument regarding the convenience factors; such an argument

28

does not negate the first-to-file rule in this instance, where the Texas court should be the one to rule

on this question.

              **b.**    <u>Forum Shopping</u>

EMC next argues that this Court should decline to follow the first-to-file rule because Bright

Response has engaged in forum shopping. Specifically, EMC contends that Bright Response is

forum shopping because it filed suit "in the Eastern District of Texas – a forum with no connection

to the parties or their dispute." Opp. at 18. However, even a cursory review of EMC's arguments

with respect to forum shopping reveals that they collapse almost entirely into a re-hash of its

arguments with respect to the convenience factors under § 1404. The gravamen of EMC's argument

is that the Eastern District of Texas has no connection to this lawsuit, unlike the Northern District of

California, and that therefore Bright Response has engaged in forum shopping. Such bases for a

forum shopping argument substantially overlap with the arguments EMC has raised in its motion to

transfer before the Texas court under § 1404. *Compare* Opp. at 18-19 (arguing that the majority of

witnesses and evidence are in this District, that Bright Response's office in Texas is essentially a

sham maintained only for its many litigation matters in that district, that Bright Response has

manipulated its Patent Office address listing, and that Bright Response delayed serving its Texas

complaint until after EMC had filed suit here), *with Bright Response v. EMC*, No.

2:12-cv-00279-JRG, Docket No. 20, at 1, 3 (E.D. Tex. Aug. 13, 2012) (motion to transfer arguing

that the majority of witnesses and evidence are in this District, and that Bright Response's office in

Texas is essentially a sham maintained only for its many litigation matters in that district).[3]

---

        [3] The Court rejects EMC's argument that Bright Response has engaged in forum shopping merely because it did not serve the complaint until after EMC filed this declaratory judgment action. *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982) (internal citations omitted) (applying first-to-file rule and stating, "In view of the fact that Pacesetter had full knowledge of the Florida action before filing in California, basing this jurisdictional decision on the technicalities of service of process would be inappropriate. A federal action is commenced by the filing of the complaint, not by service of process. It is thus the filing of actions in coordinate jurisdictions that invokes considerations of comity."). Although EMC points to certain second-filed district court cases relying on the time of service rather than the time of filing, such cases involved a greater time gap or more egregious conduct than alleged here. *See, e.g.*, *Sorenson v. Big Lots Stores, Inc.*, 638 F. Supp. 2d 1219, 1221 (S.D. Cal. 2009) (declining to apply first-to-file rule where declaratory judgment plaintiff failed to serve complaint until eight months later, two and a half months after patentee filed infringement action); *Schumacher Elec. Corp. v. Vector Products, Inc.*, 286 F. Supp. 2d 953, 955 (N.D. Ill. 2003) (declining to apply first-to-file rule where declaratory

United States District Court

For the Northern District of California

1    The Court acknowledges that EMC has raised certain troubling allegations of forum

2    shopping based on its purported maintenance of a shell office solely for the purpose of securing a

3    litigation forum. *See* Opp. at 4-7, 18-19. Indeed, another court in this district recently recognized

4    similar "troubling issues" in a case in which a company formed in Texas four months before filing

5    the infringement action, conceded that it "rents office space at a building in Longview, Texas

6    (though acknowledges 'it does not have any employees yet')," and stated that it "rents office space

7    for some litigation boxes and is 'in the process of hiring someone.'" *Microchip Tech.*, 2011 WL

8    2669627 at *6. Notwithstanding these allegations, Judge Koh found that they were "more

9    appropriately raised in a motion to transfer venue in the Texas Court," and that "the risk of

10   inconsistent judgments and waste of judicial resources must outweigh the equitable concern of the

11   parties' limited connections to Texas." *Id.* (internal citations and quotation marks omitted). The

12   Court agrees with Judge Koh's approach and determines that, given the overlapping issues and

13   arguments currently pending before the Texas court, it is preferable to stay the instant action in order

14   to avoid the risk of inconsistent rulings.[4]

15   The Court does not suggest by its ruling that Bright Response has *not* engaged in forum

16   shopping. Nor does the Court comment on whether, to the extent Bright Response's Texas action

17   might be characterized as motivated in whole or in part by forum-shopping, such a factor might

18   weigh in favor of granting EMC's pending motion to transfer. *See id.* at *7 (noting that the movant

19   had made good arguments in favor of venue in this District based on forum shopping and

20   convenience, but that those arguments were "ultimately addressed to the wrong audience"). The

21   Court cannot conclude at this juncture that Bright Response has engaged in such "transparent forum

22

23   judgment plaintiff had filed suit twice over the course of seven months without serving the
     complaint, and then completed service immediately after opposing party filed suit in another

24   district). Other first-filed courts have noted the service gap as an additional factor that, along with
     the convenience factors of § 1404, together warrant transferring the case to the second-filed action.

25   *See, e.g.*, *Affinity Memory & Micro, Inc. v. K & Q Enterprises, Inc.*, 20 F. Supp. 2d 948, 955 (E.D.
     Va. 1998). As discussed above, the Texas court is free to make this determination when ruling on

26   EMC's pending motion to transfer.

27   [4] Indeed, the instant action presents a less clear-cut case than that in *Microchip*, as in this
     case EMC does not dispute that Bright Response has been in existence for years and was not formed

28   solely for purposes of this action. EMC merely disputes whether Bright Response has manufactured
     a presence in Texas for purposes of patent litigation.

shopping" as to warrant departing from the first-to-file rule. *Alibaba.com*, 2004 U.S. Dist. LEXIS 3492 at *5 n.3. The Court merely determines that, in view of the fact that the same arguments are currently pending before the first-filed court, comity counsels in favor of deferring to the Texas court's ruling.

### III.   CONCLUSION

For the foregoing reasons, the Court finds that the first-filed rule applies in this case, and that resolution of whether any exceptions should trump the rule is best determined by the Texas Court. However, because the Texas Court has yet to rule on EMC's motion to transfer, the Court determines that it would be inappropriate to dismiss or transfer this action at this time. Instead, the Court **STAYS** the action pending resolution of EMC's motion in Texas. *See, e.g.*, *Alltrade*, 946 F.2d at 629 (where first suit might be dismissed, second suit should be stayed rather than dismissed); *British Telecommunications plc v. McDonnell Douglas Corp.*, C-93-0677 MHP, 1993 WL 149860, at *5 (N.D. Cal. May 3, 1993) ("Because some uncertainty exists as to the ultimate outcome of these issues in the Missouri action, a dismissal of this action would be inappropriate."). The parties are directed to file a joint letter informing this Court of the Texas court's ruling within 14 days of its decision. If the Texas court declines to transfer the action, Bright Response may seek transfer of this action to Texas at that time.

In light of the Court's ruling above, the Court declines to consider the parties' motions with respect to personal jurisdiction and jurisdictional discovery, *see* Docket Nos. 23, 30, as the Texas court's ruling is likely to render them moot. *See Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.*, 12CV911-IEG WMC, 2012 WL 2068728 (S.D. Cal. June 8, 2012) ("[T]he Federal Circuit and several district courts in the Ninth Circuit have expressly rejected this argument and held that '[t]here is no requirement under § 1404(a) that a transferee court have jurisdiction over the plaintiff or that there be sufficient minimum contacts with the plaintiff.'") (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009) ("There is no requirement under § 1404(a) that a transferee court have jurisdiction over the plaintiff or that there be sufficient minimum contacts with the plaintiff; there is only a requirement that the transferee court have jurisdiction over the defendants in the transferred complaint.") (additional citations omitted)); *see also Grupke v. Linda*

United States District Court

For the Northern District of California

9

1   *Lori Sportswear, Inc.*, 174 F.R.D. 15, 18-19 (E.D.N.Y. 1997) (holding that court had personal

2   jurisdiction over counter-defendant in transferred action where counterclaim was compulsory, even

3   though counter-defendant had initially filed suit in a different forum and had no contacts with the

4   transferee forum); *Morrow v. Vertical Doors Inc.*, CV09-0256-PHX-DGC, 2009 WL 1698560, at *2

5   (D. Ariz. June 17, 2009) ("[E]ven if the plaintiff is subject to a counterclaim, the plaintiff chose to

6   initiate the litigation enabling the counterclaim and has in no sense been haled into court against his

7   will to defend himself.") (internal citations and quotation marks omitted).  To the extent these

8   motions are not moot after the Texas court's decision, the parties are directed to re-notice them in

9   accordance with Local Rule 7-2.

10          This Order disposes of Docket Nos. 23, 25, 30.

11

12          IT IS SO ORDERED.

13

14   Dated:  September 17, 2012

15                                                        _____

16                                                        EDWARD M. CHEN
                                                          United States District Judge
17

18

19

20

21

22

23

24

25

26

27

28

10